**IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA**

**JACK FONTAINE,**

**Plaintiff,**

**CASE NO.:**
**DIVISION:**

**vs.**
**THE GOODYEAR TIRE & RUBBER COMPANY and DEVIN SMITH,**

**Defendants.**
_____________________________________/

**COMPLAINT**

COMES NOW Plaintiff, JACK FONTAINE, by and through his undersigned counsel, hereby sues Defendants, THE GOODYEAR TIRE & RUBBER COMPANY and DEVIN SMITH, and alleges:

**GENERAL ALLEGATIONS**

1. This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees. The amount Plaintiff has entered $50,001.00 in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet is for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiff, JACK FONTAINE, was and is a natural person residing in Putnam County, Florida and was and is *sui juris*.

3. At all times material hereto, Defendant, DEVIN SMITH, is a natural person and resident of the State of Florida.

4. At all times material hereto, Defendant, THE GOODYEAR TIRE & RUBBER COMPANY, was and is a Foreign Profit Corporation licensed to do business in the State of Florida.

5. Venue is proper in this Court as Defendant, THE GOODYEAR TIRE & RUBBER COMPANY, conducts its business operations within Duval County, Florida and the incident giving rise to this action occurred in Duval County, Florida.

**FACTS GIVING RISE TO CAUSE OF ACTION**

6. At all times material hereto, and on April 3, 2024, Defendant, THE GOODYEAR TIRE & RUBBER COMPANY**,** owned, operated, managed, controlled, maintained and/or possessed a business providing automobile repair services, said business providing services to the general public, including Plaintiff herein.

7. At all times material hereto, and on April 3, 2024, Plaintiff's employer contacted Defendant, THE GOODYEAR TIRE & RUBBER COMPANY, regarding a tire on Plaintiff's automobile that was in need of replacement which was located at 11864 Camden Rd., Jacksonville, FL 32218.

8. Defendant's employee, DEVIN SMITH, responded to perform the required services.

9. At that time and place, Defendant, DEVIN SMITH, was in the course and scope of his employment with Defendant, THE GOODYEAR TIRE & RUBBER COMPANY.

10. At said time and place, Defendant, DEVIN SMITH, was re-inflating the tire and it exploded suddenly.

11. At said time and place, Defendant, DEVIN SMITH, negligently operated the air compressor and/or other tool(s) used in the performance of repair services on Plaintiff's automobile.

12. At said time and place, Defendants owed Plaintiff a duty to exercise reasonable care for Plaintiff's safety.

13. As a result of the explosion, Plaintiff, JACK FONTAINE, sustained permanent and severe bodily injury.

**COUNT I - NEGLIGENCE CLAIM AGAINST DEFENDANT, DEVIN SMITH**

Plaintiff hereby incorporates and re-alleges the allegations contained in paragraphs 1 through 13 as though fully set forth herein and further states:

14. At all times material hereto, Defendant, DEVIN SMITH, was employed by Defendant, THE GOODYEAR TIRE & RUBBER COMPANY.

15. At all times material hereto, Defendant, DEVIN SMITH, was directly responsible for executing Defendant's, THE GOODYEAR TIRE & RUBBER COMPANY, policies of automobile repairs and maintenance.

16. At all material times and by virtue of his position with Defendant, THE GOODYEAR TIRE & RUBBER COMPANY, Defendant, DEVIN SMITH, owed Plaintiff a duty to perform his job functions in a reasonably safe manner and to warn Plaintiff of any latent dangers in compliance with the Defendant's, THE GOODYEAR TIRE & RUBBER COMPANY, policies and procedures.

17. Defendant, DEVIN SMITH, had a duty to warn persons such as Plaintiff of a dangerous condition about which Defendant had, or should have had, knowledge greater than that of Plaintiff, and/or a duty to correct a dangerous condition about which Defendant either knew or should have known, by the use of reasonable care.

18. At all times material hereto, Defendant, DEVIN SMITH, breached its duty owed to Plaintiff by committing one or more of the following acts or omissions:

a) Negligently failing to adequately oversee tire installations/repairs, thus creating a hazard to members of the public, including the Plaintiff herein,

b) Negligently failing to inspect or adequately inspect the installed/repaired tire, as specified above, to ascertain whether the tire constituted a hazard to the public, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of Plaintiff's improperly installed/repaired tire, when Defendant knew or through the exercise of reasonable care should have known that said tire were unreasonably dangerous and that Plaintiff was unaware of same;

d) Negligently failing to correct and/or maintain and/or repair and/or adequately correct and/or replace the unreasonably dangerous and improperly installed/repaired tire on Plaintiff's vehicle, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e) Negligently creating a hazardous and dangerous condition, to wit, by overinflating the tire on Plaintiff's vehicle, thereby creating a dangerous condition for Plaintiff;

f) Negligently creating a hazardous and dangerous condition, to wit, failing to use an air compressor pressure regulator while inflating the tire on Plaintiff's vehicle, thereby creating a dangerous condition for Plaintiff;

g) Negligently failing to act reasonably under the circumstances;

h) Negligently engaging in a routine or regular practice of business that was not the reasonable custom of the community; and

i) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions including, but not limited to, tire explosions due to negligently inflated tires, to the general public, including the Plaintiff herein;

j) Negligently failing to remedy the dangerous conditions that occurs with regularity and frequency so that customers are at high risk of injury, including the Plaintiff herein;

k) Negligently failing to correct or adequately correct a dangerous and hazardous condition which was and/or should have been known to Defendant;

19. As a direct and proximate result of Defendant's, DEVIN SMITH, negligence, Plaintiff suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff will suffer or incur injuries, expenses and impairment in the future.

WHEREFORE, Plaintiff, JACK FONTAINE, sues Defendant, DEVIN SMITH, for damages, fees, costs, prejudgment interest, and any other relief this Court deems just and proper.

**COUNT II - NEGLIGENCE CLAIM AGAINST DEFENDANT,**
**THE GOODYEAR TIRE & RUBBER COMPANY**

Plaintiff hereby incorporates and re-alleges the allegations contained in paragraphs 1 through 13 as though fully set forth herein and further states:

20. At all times material hereto, Defendant, DEVIN SMITH, was employed by Defendant, THE GOODYEAR TIRE & RUBBER COMPANY.

21. At all times material hereto, Defendant, DEVIN SMITH, was directly responsible for executing Defendant's, THE GOODYEAR TIRE & RUBBER COMPANY, policies of automobile repairs and maintenance.

22. At all material times and by virtue of his position with Defendant, THE GOODYEAR TIRE & RUBBER COMPANY, Defendant, DEVIN SMITH, owed Plaintiff a duty to perform his job functions in a reasonably safe manner and to warn Plaintiff of any latent dangers in compliance with the Defendant's, THE GOODYEAR TIRE & RUBBER COMPANY, policies and procedures.

23. Defendants had a duty to warn persons such as Plaintiff of a dangerous condition about which Defendant had, or should have had, knowledge greater than that of Plaintiff, and/or a duty to correct a dangerous condition about which Defendant either knew or should have known, by the use of reasonable care.

24. At all times materials hereto, Defendant, DEVIN SMITH, was acting in the course and scope of his employment with Defendant, THE GOODYEAR TIRE & RUBBER COMPANY.

25. Defendant, THE GOODYEAR TIRE & RUBBER COMPANY, is vicariously responsible for the acts of its employee, Defendant DEVIN SMITH, while within the course and scope of his employment.

26. Defendant, DEVIN SMITH, undertook repairs on Plaintiff's automobile with the express and/or implied consent of Defendant, THE GOODYEAR TIRE & RUBBER COMPANY.

27. At all times material hereto, Defendant breached its duty owed to Plaintiff by committing one or more of the following acts or omissions:

a) Negligently failing to adequately oversee tire installations/repairs, thus creating a hazard to members of the public, including the Plaintiff herein,

b) Negligently failing to inspect or adequately inspect the installed/repaired tire, as specified above, to ascertain whether the tire constituted a hazard to the public, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of Plaintiff's improperly installed/repaired tire, when Defendant knew or through the exercise of reasonable care should have known that said tire were unreasonably dangerous and that Plaintiff was unaware of same;

d) Negligently failing to correct and/or maintain and/or repair and/or adequately correct and/or replace the unreasonably dangerous and improperly installed/repaired tire on Plaintiff's vehicle, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e) Negligently creating a hazardous and dangerous condition, to wit, by overinflating the tire on Plaintiff's vehicle, thereby creating a dangerous condition for Plaintiff;

f) Negligently creating a hazardous and dangerous condition, to wit, failing to use an air compressor pressure regulator while inflating the tire on Plaintiff's vehicle, thereby creating a dangerous condition for Plaintiff;

g) Negligently failing to train and/or inadequately training its employees to install, repair and inspect patron's tires for dangerous conditions, including Plaintiff herein;

h) Negligently failing to train and/or inadequately training its employees to inflate patron's tires, including Plaintiff herein;

i) Negligently failing to act reasonably under the circumstances;

j) Negligently engaging in a routine or regular practice of business that was not the reasonable custom of the community; and

k) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions including, but not limited to, tire explosions due to negligently inflated tires, to the general public, including the Plaintiff herein;

l) Negligently failing to remedy the dangerous conditions that occurs with regularity and frequency so that customers are at high risk of injury, including the Plaintiff herein;

m) Negligently failing to correct or adequately correct a dangerous and hazardous condition which was and/or should have been known to Defendant;

28. As a direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff will suffer or incur injuries, expenses and impairment in the future.

WHEREFORE Plaintiff, JACK FONTAINE, sues Defendant, THE GOODYEAR TIRE & RUBBER COMPANY, for damages, fees, costs, prejudgment interest, and any other relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, JACK FONTAINE, demands trial by jury of all issues so triable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the Florida e-Portal and/or email this 6th day of March 2026, to all parties of record.

MORGAN & MORGAN

/s/ Ian A. Steiner
IAN A. STEINER, ESQUIRE
Florida Bar No.: 1002638
501 Riverside Ave Ste 1200
Jacksonville, FL 32202
Primary email: ISteiner@forthepeople.com
Telephone: (904) 944-8385
Facsimile: (904) 944-8485 Attorney for Plaintiff